## Case No. 10,852.

### PAWTUCKET INST. FOR SAVINGS v. BOWEN et al.

[7 Biss. 358; [1] 9 Chi. Leg. News, 161.]

Circuit Court, N. D. Illinois. Jan., 1877.

FORECLOSURE AGAINST MARRIED WOMEN — PERSONAL DECREE—PERSONAL LIABILITY OF MARRIED WOMEN.

1. A personal decree will not be granted against a married woman who joins her husband in a note and gives a mortgage on her real estate to secure its payment, when the mortgage

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

is foreclosed, and on sale the premises fail to bring enough to pay the note.

2. A married woman cannot be held liable personally, even under the law as it now stands, unless it is made to appear that the debt contracted was for her personal benefit, and about her personal interests, or for the purpose of protecting her personal estate, or that she became surety for her husband.

This was a bill in equity to foreclose a mortgage. The complainant had obtained a decree against the mortgagors and sold the mortgaged property under its decree. The master had reported the sale, and reported that there was a balance remaining unpaid; and the complainant then asked a judgment or a decree in the nature of a judgment at law, for the balance unpaid.

Mattocks & Mason, for complainants.
E. A. Otis, for defendant.

BLODGETT, District Judge. The facts in the case are substantially these: Ira P. Bowen and Mary D. Bowen, his wife, joined in a note to the Pawtucket Savings Bank, and also in a mortgage to secure the payment thereof. The evidence submitted with the master's report, shows that the real estate given as security, was Mrs. Bowen's real estate; and that the loan was secured by the pledge of her property. The application now is for a judgment against both Mrs. Bowen and her husband, which is resisted on the part of Mrs. Bowen, she contending that no personal decree can be taken against her for the balance. I think the position that a personal judgment should not be rendered against her is well taken, and for these reasons:

It is in evidence in the case, that Mrs. Bowen was a married woman at the time this loan was effected, and this security given. There is no averment in the bill, and there is nothing in the case to show that this debt was contracted about her separate estate; that it was a loan for her special benefit; but all the facts in the case go to show that this loan was really made by Ira P. Bowen for his purposes and his business, and that his wife only signed as security for him, and pledged her own property to secure his debt. I do not think that a married woman can be held liable personally, even under the law as it now stands, unless it is made to appear that the debt contracted was for her personal benefit, and about her personal interests, or for the purpose of protecting her separate estate.

Now, there is no evidence in the case that she became surety for her husband, although it is a joint and several note of Mr. and Mrs. Bowen, and I think all the presumptions are that her signature was attached to the note solely for the purpose of making the loan regular upon its face, in order that the security and the indebtedness might correspond.

I do not think, therefore, that the com-

plainant is entitled, in addition to taking this woman's property, to have a personal decree against her.